## Kronk *against* Kronk.

The objection to the competency of the grantor to give evidence to invalidate his deed is founded on interest, not on the supposed rule that being a party he is estopped, like the party to a negotiable instrument.

Conveyance to A. and his heirs, the grantor is a competent witness to prove that the deed as given and received at the time of its execution, was to A. for life, remainder to B. in fee.

ERROR to the Common Pleas of *Beaver* county.

This was an ejectment for 53 acres 45 perches of land, brought by Jacob Kronk, executor of John Kronk, deceased, against Joseph Kronk. The plaintiff gave in evidence a deed in fee of the land in controversy to his testator from Michael Baker and wife, dated 25th of April 1830.

The defendant, after giving evidence to show that the purchase money of the tract in dispute was in part paid by him, offered Michael Baker as a witness to prove that the defendant came to him in the first instance and made a contract with him for the purchase of the land in dispute; and further, that at the time the deed was made by him (Baker) to John Kronk, the latter declared that he took the same for himself during his lifetime, and for Joseph Kronk after his death. This offer was for the purpose of showing that John Kronk accepted the deed as a trustee for himself and his son, the defendant. The plaintiff objected to the witness on the ground of his incompetency as grantor in the deed. The court overruled the objection as to the first part of the offer, and sustained it as to the second. The defendant excepted to this decision, and assigned it for error.

*Gilmore,* for plaintiff in error. The rule that a party is not a witness is confined to negotiable instruments. The testimony here was not offered to invalidate, but to explain. It was the act of the grantee, not that of the grantor, that was to be interpreted. 2 *Dall.* 196; 4 *Serg. & Rawle* 497; 2 *Binn.* 154; 2 *Serg. & Rawle* 415; 4 *Serg. & Rawle* 399; 3 *Dall.* 506.

*Shannon,* contra. The grantor in a deed with general warranty is incompetent from interest to invalidate it. 1 *Yeates* 92, 291, 305, 89; or to show that he has not received the consideration money. 3 *Yeates* 172; 2 *Binn.* 162; 2 *Yeates* 219; 4 *Watts* 363; 16 *Serg. & Rawle* 195; 5 *Whart.* 452; 8 *Serg. & Rawle* 381; 11 *Ib.* 325; 13 *Ib.* 323. The alleged trust is inconsistent with the deed. 2 *Watts* 325; 10 *Ib.* 318; 6 *Serg. & Rawle* 401; 10 *Ib.* 339; 5 *Ib.* 421; 6 *Ib.* 171; 1 *Ib.* 361; 1 *Watts & Serg.* 195.

[Kronk v. Kronk.]

The opinion of the Court was delivered by

Sergeant, J.—The objection to the competency of the grantor to give evidence to invalidate his deed, is founded on interest, not on the supposed rule that being a party he is estopped like the party to a negotiable instrument. But Michael Baker does not appear to have any interest in the question whether the deed which he executed was to John Kronk in fee, or to him for life, with remainder to the defendant, Joseph Kronk. Baker's situation as grantor, and the covenants in his deed, would remain unaffected by the result of this suit in any event. We are, therefore, of opinion that the court below erred in rejecting the testimony of Michael Baker.

Judgment reversed, and *venire facias de novo* awarded.